

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-31,536-07

### EX PARTE ROBERT ALAN FRATTA, Applicant

## ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS AND MOTION TO STAY THE EXECUTION IN CAUSE NO. 1195044 IN THE 230TH JUDICIAL DISTRICT COURT HARRIS COUNTY

*Per curiam.*

## O R D E R

This is a subsequent application for a writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071 § 5 and a motion to stay Applicant's execution.[1]

In June 2009, a jury convicted Applicant of the offense of capital murder for the death of his estranged wife. *See* TEX. PENAL CODE ANN. § 19.03(a). The jury answered

---

[1] Unless otherwise indicated all references to Articles in this order refer to the Code of Criminal Procedure.

the special issues submitted under Article 37.071 and the trial court, accordingly, set Applicant's punishment at death.

This Court affirmed Applicant's conviction and sentence on direct appeal, denied habeas relief on his initial Article 11.071 writ application, and dismissed his first and second subsequent Article 11.071 applications as abuses of the writ. *Fratta v. State*, No. AP-76,188 (Tex. Crim. App. Oct. 5, 2011) (not designated for publication); *Ex parte Fratta*, No. WR-31,536-04 (Tex. Crim. App. Feb. 12, 2014) (not designated for publication); *Ex parte Fratta*, No. WR-31,536-05 (Tex. Crim. App. June 30, 2021) (not designated for publication); *Ex parte Fratta*, No. WR-31,536-06 (Tex. Crim. App. May 25, 2022) (not designated for publication).

This Court received this, Applicant's third subsequent Article 11.071 application for a writ of habeas corpus, on December 15, 2022. However, the pleading does not comply with the rules. Effective August 1, 2022, this Court amended Texas Rule of Appellate Procedure 9.4(i) (length of documents) to limit an Article 11.071 subsequent application to "37,500 words if computer-generated, and 125 pages if not." Applicant's writ application is 251 pages long – more than double the allowed length.

Therefore, Applicant has until December 27, 2022, to file an amended application with the convicting court in a form that complies with the rules or to show good cause to this Court why he should be allowed to file a longer pleading.

IT IS SO ORDERED THIS THE 20th DAY OF DECEMBER, 2022.

Do Not Publish